IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAULA MARIE JENIS and PAULA MARIE JENIS, as Executrix of the Estate of Frank Jenis aka Francis M. Jenis Sr. | ) ) ) | CIVIL ACTION |
| Plaintiffs | ) | No. 2:16-CV-2117-ER |
| v. | ) ) | |
| GEMINI BAKERY EQUIPMENT CO. | ) | |
| Defendant/Third-Party Plaintiff | ) ) | |
| v. | ) ) | |
| SCOTT SELIGMAN and SELIGMAN FINANCIAL GROUP, LLC 1309 Route 70 West, 2nd Floor Cherry Hill, NJ 08002 and SCOTT SELIGMAN and ATRIUM FINANCIAL ASSOCIATES, LLC 1892 Greentree Road, Suite 1A Cherry Hill, NJ 08003 and WILLIAM FITZGERALD and TRINITY BENEFIT ADVISORS, LLC 660 American Avenue, Suite 101 King of Prussia, PA 19406 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Third-Party Defendants | ) | |

**FRCP 14 THIRD-PARTY COMPLAINT OF DEFENDANT/THIRD-PARTY PLAINTIFF GEMINI BAKERY AGAINST THIRD-PARTY DEFENDANTS SCOTT SELIGMAN, SELIGMAN FINANCIAL GROUP, ATRIUM FINANCIAL ASSOCIATES, WILLIAM FITZGERALD, AND TRINITY BENEFIT ADVISORS**

## FACTUAL BACKGROUND

1.    This third-party complaint is being filed pursuant to FRCP 14(a) and is being filed within 14 days of the filing of defendant Gemini Bakery's answer to the amended complaint.

2.    Defendant/third-party plaintiff Gemini Bakery Equipment Company ("Gemini Bakery") was recently sued by the above-captioned plaintiff in a case involving $300,000 worth of life insurance benefits allegedly owed to plaintiff.  A copy of the amended complaint is attached hereto as Exhibit A and is hereby incorporated by reference in full.

3.    The amended complaint alleges that on 2/18/14 Gemini Bakery terminated its group life insurance policy with Dearborn National in favor of a new and different life insurer (which is true).  Paragraph 13 of Exhibit A.

4.    The amended complaint further alleges that Gemini Bakery had a duty to provide decedent Francis Jenis "notice that Gemini terminated its group coverage with Dearborn under the Plan and that Decedent had the option to convert his life insurance benefits from the group Plan to an individual policy or to obtain group life insurance benefits with the new insurance carrier chosen by Gemini."  The amended complaint alleges that Gemini breached this duty and never provided the described notice.  Paragraphs 14 and 15 of Exhibit A.

5.    The amended complaint further alleges that after the death of Francis Jenis on 5/23/15 plaintiff Paula Marie Jenis sought $300,000 worth of life insurance benefits from Dearborn.  Dearborn denied this claim.  Paragraphs 17 and 18 of Exhibit A.

6.    Plaintiff is now seeking this $300,000 from Gemini Bakery via the primary complaint.  Exhibit A.

7.    In its answer Gemini Bakery has denied the allegations in the amended complaint. Gemini Bakery's answer is attached hereto as Exhibit B.

2

8.    The relevant time period in this matter is 2013 through 2015. Specifically, Francis Jenis' last work day at Gemini Bakery was 7/12/13 and his employment ended on 12/31/13. Further, on 2/18/14 Gemini Bakery terminated its group life insurance policy with Dearborn National in favor of a new and different life insurer. Unfortunately, Francis Jenis passed away on 5/23/15.

9.    Gemini Bakery, located at 9990 Gantry Road in Philadelphia, sells and services bakery equipment (large ovens, large mixers, etc.) and is not knowledgeable or sophisticated in the life insurance arena. Thus, as would any prudent business, during this time period Gemini Bakery utilized the services of two individuals who served as their life insurance brokers/agents, consultants, advisors, and experts. These individuals were Scott Seligman and William Fitzgerald.

10.    Third-party defendant Scott Seligman was the principal/owner of third-party defendant Seligman Financial Group, LLC, and was the primary contact on behalf of Seligman Financial Group. This LLC appears to be defunct and Mr. Seligman has more recently partnered with third-party defendant Atrium Financial Associates, LLC.

11.    Gemini Bakery also worked with Nicholas Mirigliano, an employee of Seligman Financial Group.

12.    Notably, Scott Seligman was involved in the appeal of Dearborn National's denial of plaintiff's claim for life insurance benefits per the death of Frank Jenis. Dearborn's 9/18/15 final denial letter is attached hereto as Exhibit C. The first sentence reads as follows: "We are writing to you regarding the appeal request we received from Agent, Scott Seligman for Gemini Bakery Equipment Company...." Scott Seligman is also a cc: recipient of this letter at the Atrium Financial Associates address. Page 3 of Exhibit C.

3

13.     Third-party defendant William Fitzgerald is a vice-president and principal at third-party defendant Trinity Benefit Advisors, LLC.

14.     At all times material hereto Scott Seligman was a principal, owner, or employee of Seligman Financial Group, LLC, and Atrium Financial Associates, LLC, such that said entities are vicariously liable for any negligence on the part of Mr. Seligman.

15.     Similarly, at all times material hereto as William Fitzgerald was a vice-president and principal at Trinity Benefit Advisors, LLC, such that this entity would be vicariously liable for any negligence on the part of Mr. Fitzgerald.

16.     During the 2013 to 2015 time period there existed a special relationship between Gemini Bakery and the five third-party defendants such that Gemini Bakery relied on them, and their insurance expertise, to develop, manage, oversee, monitor, and fully meet the life insurance needs and requirements of Gemini Bakery.  This included all aspects of the change of Gemini Bakery's group life insurer in early 2014 and any and all related paperwork and notice requirements to current and former employees.

17.     More specifically, plaintiffs allege that Gemini Bakery had a duty to provide decedent Francis Jenis "notice that Gemini terminated its group coverage with Dearborn under the Plan and that Decedent had the option to convert his life insurance benefits from the group Plan to an individual policy or to obtain group life insurance benefits with the new insurance carrier chosen by Gemini." Secondly, plaintiff alleges that Gemini Bakery breached this duty.  If both allegations are true, said breach is due to the collective negligence of the five third-party defendants, who collectively acted as Gemini Bakery's life insurance agent/broker, consultant, advisor, and expert.

18. In other words, if plaintiff's allegations are true, Gemini Bakery collectively hired/retained the five third-party defendants to avoid exactly the kind of life insurance benefit paperwork mistake alleged by plaintiff.

**COUNT I: NEGLIGENCE VERSUS ALL THIRD-PARTY DEFENDANTS**

19. All prior paragraphs are incorporated by reference.

20. Gemini Bakery was not in any way negligent and breached no duty owed to plaintiff with respect to the life insurance policy at issue and in no way caused plaintiff's damages.

21. If, however (and pleading in the alternative), Gemini Bakery is found to have been negligent in any way or to have breached any duty owed to plaintiff, any resulting damages must be collectively paid in full by the five third-party defendants. Again, said defendants were hired by Gemini Bakery to handle all matters and all required paperwork regarding life insurance.

22. In other words, but for the collective negligence/mistakes of the five third-party defendants, plaintiff's amended complaint would have never been filed.

23. The five third-party defendants were negligent in that they failed to exercise the care that a reasonably prudent insurance agent/broker/consultant would have exercised under the circumstances by not handling properly the life insurance policy paperwork regarding Gemini Bakery's change of its life insurance insurer in late 2013 and early 2014. This duty of care was collectively owed to Gemini Bakery by the five third-party defendants and was breached by the five third-party defendants.

24.     The negligence of the five third-party defendants caused Dearborn National's denial of plaintiffs' claim for life insurance benefits per the death of Frank Jenis.  Dearborn's 9/18/15 final denial letter is attached hereto as Exhibit C.

25.     But for said negligence, Dearborn National would not have denied plaintiff's claim for life insurance benefits and plaintiff's amended complaint would have never been filed.

26.     Attorney fees have also been incurred in defending this action.

27.     Finally, any and all negligence on the part of Scott Seligman and/or William Fitzgerald triggers vicarious liability for said negligence to Seligman Financial Group, LLC, Atrium Financial Associates, LLC, and Trinity Benefit Advisors, LLC.

## COUNT II:  BREACH OF CONTRACT VERSUS ALL THIRD-PARTY DEFENDANTS

28.     All prior paragraphs are incorporated by reference.

29.     Based on the conduct described above of all of the third-party defendants, Pennsylvania law also recognizes a cause of action for breach of contract.  See, e.g., Hines v. Mutual of Omaha Ins. Co., 2015 U.S. Dist. LEXIS 65853 (W.D. Pa. May 20, 2015).

30.     Accordingly, based on the conduct outlined above, if Gemini Bakery is found liable to plaintiff for monetary damages, the five third party defendants are liable to Gemini Bakery for this same amount.

31.     Any and all breaches of contract on the part of Scott Seligman and/or William Fitzgerald triggers vicarious liability for said breaches to Seligman Financial Group, LLC, Atrium Financial Associates, LLC, and Trinity Benefit Advisors, LLC.

WHEREFORE, pursuant to the above, Gemini Bakery demands judgment in their favor and collectively against the five third-party defendants on all counts and damages demanded above. Said damages include but are not limited to any and all monetary damages awarded against Gemini Bakery in favor of plaintiff and any and all legal fees incurred by Gemini Bakery in defending against plaintiff's complaint and in prosecuting this third-party complaint.

POST & SCHELL, P.C.

BY___*Steven Schildt*_____
STEVEN J. SCHILDT, ESQ.
Attorney for defendant and third-party plaintiff Gemini Bakery
1600 JFK Blvd., 13th Floor
Philadelphia, PA 19103
Phone: 215-587-1089
E-mail: sschildt@postschell.com

DATE: _8/23/16_

# EXHIBIT A

Filed 8/3/16   AUG 0 5 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAULA MARIE JENIS                          :
2658 Fawn Lane                             :      Civil Action No. 2:16-CV-2117-ER
Warrington, PA 18976,                      :
                                           :
        and                                :
                                           :
PAULA MARIE JENIS, as Executrix of the     :
Estate of Frank Jenis aka Francis M. Jenis :
Sr.                                        :
2658 Fawn Lane                             :
Warrington, PA 18976                       :
                                           :
                Plaintiffs                 :
                                           :
        v.                                 :
                                           :
GEMINI BAKERY EQUIPMENT CO.                :
9990 Gantry Road                           :
Philadelphia, PA 19115                     :
                                           :
                Defendant                  :

**AMENDED COMPLAINT**

Plaintiff, Paula Marie Jenis ("Mrs. Jenis"), and Plaintiff, Paula Marie Jenis, as

Executrix of the Estate of Frank Jenis aka Francis M. Jenis Sr. ("Executrix"), by and

through their undersigned counsel, Garber Law LLC, as and for their Amended

Complaint state as follows:

**A.    PARTIES**

1.    Plaintiff, Mrs. Jenis, is an adult individual residing at all times relevant

at 2658 Fawn Lane, Warrington, PA 18976.  At all times relevant Mrs. Jenis is a

"beneficiary" of an employee benefit plan within the meaning of The Employment

Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.* ("ERISA"), 29 U.S.C.

§ 1002(8).

1

2. On August 4, 2015, Mrs. Jenis was granted Letters Testamentary by the Register of Wills of Bucks County as the Executrix of the Estate of Frank Jenis aka Francis M. Jenis Sr., her deceased husband.

3. Defendant, Gemini Bakery Equipment Co. ("Gemini"), is a Pennsylvania corporation with business offices located at all times relevant at 9990 Gantry Road, Philadelphia, PA 19115. At all times relevant, Gemini was an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5).

4. Frank Jenis aka Francis M. Jenis Sr. ("Decedent"), is the deceased husband of Mrs. Jenis, date of death May 23, 2015. At all times relevant, Decedent was an "employee" of Gemini within the meaning of ERISA, 29 U.S.C. § 1002(6).

**B.    JURISDICTION AND VENUE**

5. This Court has original jurisdiction of this matter under 28 U.S.C. § 1331 Federal Question, and exclusive jurisdiction under ERISA, 29 U.S.C. § 1132(e)(1).

6. Mrs. Jenis has standing to bring this action pursuant to 29 U.S.C. § 1132(a)(3)(B).

7. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) as the below described ERISA Plan was administered in the Eastern District, Gemini's business offices are located in the Eastern District, and the acts complained of occurred in the Eastern District.

2

## C.    **NATURE OF THE CASE**

8.    Decedent was employed by Gemini as its Director of Operations/Technical Services beginning in or about January 2008, until the date of his death on May 23, 2015.

9.    Beginning on July 13, 2013, while working for Gemini, as a result of his medical condition, Decedent became eligible for short-term disability benefits and went out on short-term disability until October 31, 2013.

10.    Thereafter, Decedent qualified for long-term disability benefits and went on long-term disability beginning on November 1, 2013 until his death from cancer (leiomyosarcoma) on May 23, 2015.

11.    At both the time Decedent was on short-term disability and on long-term disability, and at all times relevant, he was a "participant" of an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(7) and was covered under Dearborn National ("Dearborn") Group Life and Group Voluntary Life Insurance Policies, Group: Gemini Bakery Equipment Co., Group No. FID1647, Claim No. G201504526 (the "Plan"). The Plan constitutes an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1), and had basic and voluntary life insurance benefits as a benefit provided to Decedent by his employer, Gemini.

12.    At all times relevant, Gemini was the "plan administrator" of the Plan within the meaning of ERISA, 29 U.S.C. § 1002 (16)(A)(i).

13.    It is believed and therefore averred that Gemini terminated its group coverage with Dearborn under the Plan and ceased paying premium for the Plan on February 28, 2014, as Gemini chose to begin a new group life insurance benefits

3

plan with a different insurance carrier. It is believed and therefore averred that the new group life insurance plan is also an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1).

14.    It is believed and therefore averred that under the Plan, Gemini, as plan administrator, plan sponsor, and policyholder of the Plan, and as Decedent's employer, had a duty to give Decedent notice that Gemini terminated its group coverage with Dearborn under the Plan and that Decedent had the option to convert his life insurance benefits from the group Plan to an individual policy or obtain group life insurance benefits with the new insurance carrier chosen by Gemini.

15.    Prior to terminating the Plan with Dearborn, Gemini neither provided Decedent with notice of his option to convert his life insurance benefits from the group Plan to an individual policy, nor did Gemini offer Decedent the opportunity to obtain group life insurance benefits with the new insurance carrier chosen by Gemini.

16.    The failure of Gemini to notify Decedent of his option to convert his life insurance benefits under the Plan to an individual policy or offer Decedent the opportunity to obtain group life insurance benefits with the new insurance carrier chosen by Gemini is particularly egregious in that Gemini knew at that time that Decedent was terminally ill as Decedent was on long-term disability and Gemini was paying Decedent long-term disability benefits.

17.    After Decedent's death, Mrs. Jenis applied to Dearborn seeking payment of the life insurance benefits in the amount of $300,000 to which she is entitled as a "beneficiary" under the Plan.

4

18.    Dearborn subsequently denied Mrs. Jenis's application for life insurance benefits under the Plan, alleging that Decedent was no longer insured with Dearborn on the date of his death, May 23, 2015 because Gemini had terminated its group coverage with Dearborn on February 28, 2014, and Dearborn upheld that decision after administrative appeal.

19.    Thereafter, Mrs. Jenis made demand upon Gemini to pay Mrs. Jenis an amount equal to the life insurance benefits in the amount of $300,000 to which she would be entitled as a "beneficiary" under the Plan, had Gemini provided Decedent with notice of his option to convert his life insurance benefits from the group Plan to an individual policy, or offered Decedent the opportunity to obtain group life insurance benefits with the new insurance carrier.

20.    Gemini has refused, and continues to refuse, to pay Mrs. Jenis, individually and/or as the Executrix of Decedent's estate, an amount equal to the life insurance benefits in the amount of $300,000 to which she would be entitled as a "beneficiary" under the Plan, had Gemini provided Decedent with notice of his option to convert his life insurance benefits from the group Plan to an individual policy, or offered Decedent the opportunity to obtain group life insurance benefits with the new insurance carrier.

21.    As a result of Gemini's failure to pay Mrs. Jenis, individually and/or as the Executrix of Decedent's estate, for the life insurance benefits in the amount of $300,000, Plaintiffs have suffered harm in an amount equal to the amount of benefits to which Mrs. Jenis would have been entitled under the terms of the Plan.

5

22.    All administrative prerequisites to the filing of this claim have been met.

## COUNT I – 29 U.S.C. § 1132 (a)(3)(B) EQUITABLE RELIEF
## PLAINTIFF MRS. JENIS V. DEFENDANT GEMINI

23.    Mrs. Jenis incorporates by reference herein the allegations set forth in the preceding paragraphs as if the same were set forth at length herein.

24.    At all times relevant, Gemini was the named "plan administrator" of the Plan, within the meaning of ERISA, 29 U.S.C. § 1002 (16)(A)(i).

25.    As a "plan administrator", Gemini was a fiduciary of the Plan as defined by ERISA, 29 U.S.C. § 1002 (21)(A), and owed duties to its participants and beneficiaries of the Plan.

26.    Gemini, as plan administrator, plan sponsor, and policyholder of the Plan and as Decedent's employer, breached its fiduciary duty to Decedent by failing to notify Decedent that Gemini terminated its group coverage with Dearborn under the Plan, and provide Decedent notice of his option to convert his life insurance from the group Plan to an individual policy, or provide Decedent an opportunity to obtain group life insurance benefits with the new insurance carrier.

27.    In the alternative, Gemini, as plan administrator, plan sponsor, and policyholder of the Plan and as Decedent's employer, breached its fiduciary duty to Decedent by failing to notify Decedent of his option to convert his life insurance from the group Plan to an individual policy at any relevant trigger point under the Plan which would render Decedent ineligible to continue his life insurance benefits under the Plan.

6

28.   As a result of Gemini's conduct as set forth above, Mrs. Jenis has suffered harm.

29.   Mrs. Jenis demands that Gemini pay the maximum life insurance benefits due to her as a beneficiary under the Plan pursuant to ERISA 29 U.S.C. § 1132 (a)(3)(B) in which, (a) A civil action may be brought – (3) by a beneficiary (B) to obtain other appropriate equitable relief.

WHEREFORE, Plaintiff, Paula Marie Jenis, requests that this Court enter an Order for Judgment in favor of Plaintiff, Paula Marie Jenis, and against Defendant, Gemini Bakery Equipment Co., as follows:

(a)   in the amount of $300,000 or in an amount equal to the amount of benefits to which Mrs. Jenis would have been entitled under the terms of the Plan;

(b)   for attorney's fees and costs under ERISA, 29 U.S.C. § 1132(g)(1); and

(c)   for any further legal and equitable relief that this Court deems necessary and appropriate.

### COUNT II– BREACH OF FIDUCIARY DUTY
### PLAINTIFF MRS. JENIS V. DEFENDANT GEMINI

30.   Mrs. Jenis incorporates by reference herein the allegations set forth in the preceding paragraphs as if the same were set forth at length herein.

31.   At all times relevant, Gemini was the named "plan administrator" of the Plan, within the meaning of ERISA, 29 U.S.C. § 1002 (16)(A)(i).

32.   At all times relevant, Gemini was a "fiduciary" within the meaning of ERISA, 29 U.S.C. § 1002(21)(A) and is therefore subject to the duties and liabilities set forth in ERISA including ERISA, 29 U.S.C. § 1104.

7

33.     As a fiduciary under the Plan, Gemini had a duty to act solely in the interest of plan participants and their beneficiaries and with the exclusive purpose of providing benefits to them.  Further, Gemini had a duty to act prudently with respect to its plan participants and beneficiaries.  The duty to disclose information is at the core of a fiduciary's responsibilities under ERISA.  Gemini violated that duty by failing to disclose material information about the termination of the Dearborn Plan and the adoption of a new life insurance welfare plan.  Gemini, as the "plan administrator" had an ongoing duty to provide accurate information to its participants about eligibility under the Plan and any subsequent plans.

34.     At all times relevant, the Decedent was an employee, and a participant in the Plan that Gemini terminated and/or converted to new coverage.  Gemini failed to provide any notice to the Decedent that it was terminating the Plan and/or converting to new coverage, thus denying Decedent the option to convert to an individual policy or obtain group life insurance benefits under the new plan.

35.     Gemini, as plan administrator, plan sponsor, and policyholder of the Plan and Decedent's employer, breached its fiduciary duty to Decedent by failing to notify Decedent that Gemini terminated its group coverage with Dearborn under the Plan, and by failing to provide Decedent notice of his option to convert his life insurance from the group Plan to an individual policy, or provide Decedent an opportunity to obtain group life insurance benefits with the new insurance carrier.

36.     In the alternative, Gemini, as plan administrator, plan sponsor, and policyholder of the Plan and as Decedent's employer, breached its fiduciary duty to Decedent by failing to notify Decedent of his option to convert his life insurance

8

from the group Plan to an individual policy at any relevant trigger point under the Plan which would render Decedent ineligible to continue his life insurance benefits under the Plan.

37. As a result of the breach of fiduciary duty by Gemini to its plan participants and beneficiaries, including the Decedent and Mrs. Jenis, Mrs. Jenis has suffered harm.

WHEREFORE, Plaintiff, Paula Marie Jenis, requests that this Court enter an Order for Judgment in favor of Plaintiff, Paula Marie Jenis, and against Defendant, Gemini Bakery Equipment Co., as follows:

(a) in the amount of $300,000 or in an amount equal to the amount of benefits to which Mrs. Jenis would have been entitled under the terms of the Plan;

(b) for attorney's fees and costs under ERISA, 29 U.S.C. § 1132(g)(1); and

(c) for any further legal and equitable relief that this Court deems necessary and appropriate

### COUNT III– 29 U.S.C. § 1140 DISCRIMINATION
### PLAINTIFF EXECUTRIX V. DEFENDANT GEMINI

38. Executrix incorporates by reference herein the allegations set forth in the preceding paragraphs as if the same were set forth at length herein.

39. Under ERISA, 29 U.S.C. § 1140, "[I]t shall be unlawful for any person to … discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan … or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter …"

40.    While Decedent was on long-term disability, Gemini terminated its group coverage with Dearborn under the Plan.

41.    At the time Gemini terminated its group coverage with Dearborn under the Plan, Gemini was well aware that Decedent was terminally ill and on long-term disability, as Gemini was paying Decedent long-term disability benefits.

42.    At the time Gemini terminated its group coverage with Dearborn under the Plan, Gemini was aware that Decedent had life insurance benefits under the Plan.

43.    At the time Gemini terminated its group coverage with Dearborn under the Plan, Gemini failed to provide Decedent notice that it was terminating its group coverage with Dearborn under the Plan.

44.    At the time Gemini obtained group life insurance benefits with a new insurance carrier, Gemini failed to provide Decedent notice that it was obtaining group life insurance benefits with a new insurance carrier.

45.    Since Decedent was terminally ill with cancer at the time Gemini terminated its group coverage with Dearborn under the Plan and obtained group life insurance benefits with a new insurance carrier, Decedent certainly would have converted his life insurance from the group Plan to an individual policy or obtained group life insurance benefits with the new insurance carrier, had Gemini provided him notice and the opportunity to do so.

46.    To the contrary, it is believed and therefore averred that at the time Gemini terminated its group coverage with Dearborn under the Plan and obtained group life insurance benefits with a new insurance carrier, that Gemini provided all

10

of its other employees and participants in the Plan with notice of their conversion rights and/or rights to obtain group life insurance benefits with the new insurance carrier. Everyone, except Decedent.

47. By failing to notify the Decedent that Gemini terminated its group coverage with Dearborn under the Plan, and provide Decedent notice of his option to convert his life insurance from the group Plan to an individual policy, or provide Decedent an opportunity to obtain group life insurance benefits with the new insurance carrier, Gemini discriminated against Decedent at a time Gemini knew Decedent was terminally ill and Gemini was paying Decedent long-term disability benefits, for the purpose of wrongfully interfering with and preventing Decedent, an individual with a terminal illness, from qualifying for and attaining life insurance benefits, benefits which Gemini afforded all other of its similarly situated employees.

48. As a result of Gemini's conduct as set forth above, the Decedent was deprived of information necessary to convert or port his life insurance benefits and as a result Mrs. Jenis has suffered substantial harm.

WHEREFORE, Plaintiff, Paula Marie Jenis, as Executrix of the Estate of Frank Jenis aka Francis M. Jenis Sr., requests that this Court enter an Order for Judgment in favor of Plaintiff, Paula Marie Jenis, as Executrix of the Estate of Frank Jenis, aka Francis M. Jenis Sr. and against Defendant, Gemini Bakery Equipment Co., as follows:

(a) in the amount of $300,000 or in an amount equal to the amount of benefits to which Mrs. Jenis would have been entitled under the terms of the Plan;

(b) for attorney's fees and costs under ERISA, 29 U.S.C. § 1132(g)(1); and

11

(c)    for any further legal and equitable relief that this Court deems necessary and appropriate.

### COUNT IV– 40 P.S. § 532.7 FAILURE TO PROVIDE NOTICE
### PLAINTIFF MRS. JENIS V. DEFENDANT GEMINI

49.    Mrs. Jenis incorporates by reference herein the allegations set forth in the preceding paragraphs as if the same were set forth at length herein.

50.    This Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. § 1367(a).

51.    Under 40 P.S. § 532.7, if Decedent became entitled under the terms of the Plan to have an individual policy of life insurance issued to him without evidence of insurability, Gemini, as policyholder of the Plan, had a duty to provide Decedent written notice of Decedent's entitlement to convert his life insurance benefits under the Plan to an individual policy of life insurance.

52.    Gemini, as policyholder of the Plan and as Decedent's employer, breached its duty to Decedent by failing to notify Decedent that Gemini terminated its group coverage with Dearborn under the Plan, and provide Decedent notice of his option to convert his life insurance from the group Plan to an individual policy, or provide Decedent an opportunity to obtain group life insurance benefits with the new insurance carrier.

53.    In the alternative, Gemini, as policyholder of the Plan and as Decedent's employer, breached its fiduciary duty to Decedent by failing to notify Decedent of his option to convert his life insurance from the group Plan to an individual policy, at any relevant trigger point under the Plan which would render Decedent ineligible to continue his life insurance benefits under the Plan.

12

54.    As a result of Gemini's conduct as set forth above, Mrs. Jenis has suffered harm.

55.    40 P.S. § 532.7 is a law which regulates insurance and as such is not preempted by ERISA. *Meyers v. Metropolitan Life Ins. Co.*, 2013 WL 820591 (E.D. Pa. 2013) (nothing in ERISA shall be construed to exempt or relieve any person from any law of any state which regulates insurance.).

WHEREFORE, Plaintiff, Paula Marie Jenis, requests that this Court enter an Order for Judgment in favor of Plaintiff, Paula Marie Jenis, and against Defendant, Gemini Bakery Equipment Co., as follows:

(a)    in the amount of $300,000 or in an amount equal to the amount of benefits to which Mrs. Jenis would have been entitled under the terms of the Plan;

(b)    for attorney's fees and costs; and

(c)    for any further legal and equitable relief that this Court deems necessary and appropriate.


Respectfully submitted:

Dated: August 2, 2016

GARBER LAW LLC

Cheryl A. Garber, Esquire
302 Spruce Street
Suite B
Doylestown, PA 18901
Attorney I.D. No. 83994
(215) 345-4646 telephone
(215) 345-4644 facsimile
*Attorney for Plaintiffs, Paula Marie Jenis,*
*and Paula Marie Jenis as Executrix of the*
*Estate of Frank Jenis aka Francis M. Jenis*
*Sr.*

13

## CERTIFICATE OF SERVICE

I hereby certify that the attached Amended Complaint has been served this

day *via* U.S. First Class Mail, postage prepaid, upon the following:

Steven J. Schildt, Esquire
Post & Schell, P.C.
1600 JFK Blvd., 13th Floor
Phila, PA 19103
*Attorneys for Defendant*

GARBER LAW LLC

Dated:  August 2, 2016

Cheryl A. Garber, Esquire
302 Spruce Street
Suite B
Doylestown, PA 18901
Attorney I.D. No. 83994
(215) 345-4646 telephone
(215) 345-4644 facsimile
*Attorney for Plaintiffs, Paula Marie Jenis,
and Paula Marie Jenis as Executrix of the
Estate of Frank Jenis aka Francis M. Jenis
Sr.*

14

# EXHIBIT
# B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAULA MARIE JENIS and PAULA          )
MARIE JENIS, as Executrix of the Estate   )          CIVIL ACTION
of Frank Jenis aka Francis M. Jenis Sr.   )
           Plaintiffs          )          No. 2:16-CV-2117-ER
    v.          )
                   )
GEMINI BAKERY EQUIPMENT CO.          )
         Defendant          )

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

1.    Admitted in part; denied in part. It is admitted that plaintiff is an adult individual and that she resides in Warrington, PA. The remaining allegations are denied as conclusions of law.

2.    Denied. After reasonable investigation defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Therefore, they are denied.

3.    Admitted in part; denied in part. It is admitted that defendant is a Pennsylvania corporation located at the Gantry Road address. The remaining allegations are denied as conclusions of law.

4.    Admitted in part; denied in part. It is admitted that Frank Jenis is the deceased husband of plaintiff. It is also admitted that he died on 5/23/15. The remaining allegations are denied as conclusions of law.

5.    Admitted.

6.    These allegations are denied as conclusions of law.

7.    Admitted in part; denied in part.  It is admitted that venue is proper.  The remaining allegations are denied.

8.    Admitted with the exception that Decedent's employment at Gemini ended on 12/31/13 and his official title at Gemini was Director of Technical Services.

9.    Admitted with the exception that Decedent's short-term disability benefits ended on 10/10/13.

10.    Admitted with the exception that Decedent's long-term disability benefits started on 10/11/13.

11.    These allegations are denied as conclusions of law.  Further, the referenced documents are writings that speak for themselves.

12.    Denied.

13.    Admitted in part; denied in part.  It is admitted that defendant terminated its coverage with Dearborn on 2/28/14.  The remaining allegations are denied as conclusions of law.

14.    Denied.  Further, the existence and extent of such duties are governed by the applicable ERISA plan documents.  Plaintiff does not cite to same or attach them as complaint exhibits.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied. This 9/18/15 Dearborn denial letter is a writing that speaks for itself.

19.    Admitted in part; denied in part.  It is admitted that plaintiff made such a demand. The remaining allegations are denied both factually and as conclusions of law.

2

20.  Admitted in part; denied in part. It is admitted that defendant has not paid plaintiff the $300,000 she demands. Defendant does not owe plaintiff $300,000. The remaining allegations are denied both factually and as conclusions of law.

21.  Denied.

22.  Denied as a conclusion of law.

### COUNT I: 29 U.S.C. §1132(a)(3) EQUITABLE RELIEF

23.  All prior paragraphs are incorporated by reference.

24.  These allegations are denied factually and as conclusions of law.

25.  These allegations are denied factually and as conclusions of law.

26.  Denied.

27.  Denied.

28.  Denied.

29.  Denied.

### COUNT II: BREACH OF FIDUCIARY DUTY

30.  All prior paragraphs are incorporated by reference.

31.  These allegations are denied factually and as conclusions of law.

32.  These allegations are denied factually and as conclusions of law.

33.  These allegations are denied factually and as conclusions of law.

34.  Denied.

35.  Denied.

36.  Denied.

37.  Denied.

3

## COUNT III: 29 U.S.C. §1140 DISCRIMINATION

38.  All prior paragraphs are incorporated by reference.

39.  Denied as conclusions of law.

40.  Admitted in part; denied in part.  It is admitted that defendant terminated its coverage with Dearborn on 2/28/14.  The remaining allegations are denied.

41.  Admitted in part; denied in part.  It is admitted that decedent received long-term disability benefits for a period of time.  The remaining allegations are denied.  Further, at that time defendant was not paying premiums for Decedent's long-term disability coverage because it was a voluntary benefit and Decedent was on waiver of premium status due to his long-term disability condition.

42.  Admitted in part; denied in part.  It is admitted that Decedent was covered by the Dearborn life insurance policy for a period of time.  The remaining allegations are denied.

43.  Denied.

44.  Denied.

45.  Denied.

46.  Denied.

47.  Denied.

48.  Denied.

## COUNT IV: 40 P.S. §532.7 FAILURE TO PROVIDE NOTICE

49.  All prior paragraphs are incorporated by reference.

50.  Admitted in part; denied in part.  It is admitted that jurisdiction is proper.  The remaining allegations are denied.

51.  Denied.  The statute speaks for itself.

4

52. Denied.

53. Denied.

54. Denied.

55. Denied.   This statute is in fact preempted by ERISA.   Terry v. Northrop Grumman Health Plan, 989 F. Supp.2d 401 (M.D. Pa. 2012).

## AFFIRMATIVE DEFENSES

1. Plaintiff's amended complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred and/or limited by the terms of the governing ERISA benefit plan documents.

3. Prior to filing suit plaintiff may have failed to exhaust all available statutory, administrative, and ERISA remedies.

4. Plaintiff's damages, if any, are due to the conduct of parties other than defendant.

POST & SCHELL, P.C.

BY___*Steven Schildt*_____
**STEVEN J. SCHILDT, ESQ.**
Attorney for defendant
1600 JFK Blvd., 13th Floor
Philadelphia, PA 19103
Phone: 215-587-1089
E-mail: sschildt@postschell.com

**DATE:  8/18/16**

## CERTIFICATE OF SERVICE

I hereby certify that the attached Answer has been served this day via electronic filing notification to the following person(s):

Cheryl A. Garber, Esquire
Garber Law LLC
302 Spruce Street, Suite B
Doylestown, PA  18901

**POST & SCHELL, P.C.**

**BY** *Steven Schildt*
**STEVEN J. SCHILDT, ESQ.**
Attorney for defendant
1600 JFK Blvd., 13th Floor
Philadelphia, PA 19103
Phone: 215-587-1089
E-mail: sschildt@postschell.com

**DATE:**  8/18/16

# EXHIBIT
# C



September 18, 2015

Paula Jenis
2658 Fawn Lane
Warrington, PA 18976

RE:                Frank Jenis, Deceased
GROUP:             Gemini Bakery Equipment And All Covered Affiliates And/Or Subsidiaries
GROUP NUMBER:      F1D1647
CLAIM NUMBER:      G201504526

Dear Mrs. Jenis:

We are writing to you regarding the appeal request we received from Agent, Scott Seligman for Gemini Bakery Equipment Company for Life Insurance benefits submitted under the above Group Life and Group Voluntary Life Insurance Policies for your husband, Frank Jenis. Again, please accept our sincere condolences.

The above Group Term Life Insurance Policy and Group Voluntary Term Life Insurance Policy under which you are requesting benefits contain the following provisions:

## POLICY PROVISIONS

### *WAIVER OF PREMIUM*

*What is the Waiver of Premium benefit?*

*We* will continue *Your* Basic life insurance benefit under the Policy without further payment of life insurance premium if *You* become *Totally Disabled*, provided:

1. *You* are insured under the Policy and were *Actively at Work* on or after the effective date of the Policy; and
2. *You* are under the age of 60; and
3. *You* provide *Us* with satisfactory written proof within 12 months after the date *You* became *Totally Disabled*; and
4. *Your Total Disability* has continued without interruption for at least 9 months; and
5. *You* are still *Totally Disabled* when *You* submit the proof of disability; and
6. all required premium has been paid.

*Total Disability* or *Totally Disabled* means *You* are diagnosed by a *Doctor* to be completely unable because of *Sickness* or *Injury* to engage in any occupation for wage or profit or any occupation for which *You* become qualified by education, training or experience.

*We* will waive premium beginning the month after *We* receive satisfactory proof that *You* have been *Totally Disabled* for at least 9 months. Premium will continue to be waived provided *You*:

1020 31st Street, Downers Grove, Illinois 60515-5591  ▲  Toll Free: 800.348.4512  ▲  Fax: 312.540.4706

Products and services marketed under the Dearborn National® brand and the star logo are underwritten and/or provided by Dearborn National® Life Insurance Company
(Downers Grove, IL) in all states (excluding New York), the District of Columbia, the United States Virgin Islands, the British Virgin Islands, Guam and Puerto Rico.

06/17/2016  11:40



September 18, 2015
Paula Jenis
Page 2

1.    remain *Totally Disabled*; and
2.    provide satisfactory written proof of continuing *Total Disability* upon request.

*You* are responsible for obtaining initial and continuing proof of *Total Disability*.

## TERMINATION PROVISIONS

**When does Your coverage under the Policy end?**
*Your* coverage will terminate on the earliest of the following dates. Termination will not affect *Your* claim for a covered *Loss* which occurred while the coverage was in force.

1.    the date on which the Policy is terminated;
2.    the date *You* stop making any required contribution toward payment of premiums;
3.    the effective date of an amendment to the Policy which terminates insurance for the class to which *You* belong; or
4.    the date *You*:

    a.    are no longer a member of a class eligible for this insurance,
    b.    request termination of coverage under the Policy,
    c.    are retired or pensioned, or
    d.    are no longer *Actively at Work* as a result of a disability, layoff, leave of absence, sabbatical or military leave, *You* may continue to be eligible for group insurance coverage, as follows:

**Disability**    Until the end of the twelfth month following the month in which the disability began, provided all premiums are paid when due.

## REVIEW

We received Mr. Jenis' Certified Death Certificate on June 22, 2015, the Employer portion of the Death Claim on July 2, 2015 and the Beneficiary portion and signed Authorization on July 7, 2015. Mr. Jenis' date of disability was July 13, 2013 and his Waiver of Premium effective date would have been May 1, 2014. According to the above provisions, premiums needed to be paid through the 9 month elimination period or from July 2013 to May 1, 2014. Gemini Bakery Equipment And All Covered Affiliates And/Or Subsidiaries terminated their coverages with Dearborn National on February 28, 2014, therefore, premiums stopped on February 28, 2014.

Waiver of Premium / Termination of Insurance

As referred to above, premiums will be waived beginning the month after total disability has continued without interruption for at least 9 months and all required premiums have been paid. Because Gemini Baker Equipment did not continue paying premiums for Mr. Jenis beyond their termination date, February 28, 2015, Mr. Jenis' coverages were no longer in force.

1020 31st Street, Downers Grove, Illinois 60515-5591    Toll Free: 800.348.4512    Fax: 312.540.4706

Products and services marketed under the Dearborn National® brand and the star logo are underwritten and/or provided by Dearborn National® Life Insurance Company (Downers Grove, IL) in all states (excluding New York), the District of Columbia, the United States Virgin Islands, the British Virgin Islands, Guam and Puerto Rico.

# Dearborn ★ National®

September 18, 2015
Paula Jenis
Page 3

Therefore, after a complete and thorough review of Mr. Jenis' claim, we find that he was no longer insured at the date of his death, May 23, 2015.

Based on the aforementioned information above, we regret to advise you that we must uphold our previous denial for basic and voluntary life insurance benefits as Mr. Jenis was no longer eligible for Life Insurance benefits.

Our determination was based on the facts and the provisions of the policy. In addition, we may have relied upon applicable internal rules, procedures and guidelines. A copy of all relevant documents related to your claim will be provided free of charge upon request.

Please be advised this was our final review and administrative remedies have been exhausted. Under Section 502(a) of the Employee Retirement Income Security Act of 1974, you have the right to file suit for benefits.

You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your State insurance regulatory agency.

Dearborn National Life Insurance Company reserves all of its rights and defenses whether expressly stated or implied.

If you have any questions, feel free to contact me directly at (630) 824-5060 or contact our Customer Service Department toll free at (800) 778-2281

Sincerely,

Deborah Stuhr

Deborah Stuhr
Quality Review Specialist
Direct Telephone Number: (630) 824-5060
Direct Fax Number: (312) 565-4011

cc:     Gemini Bakery Equipment
        Attn: Sara Lopez, Benefits & Payroll Coordinator
        9990 Ganhry Road
        Philadelphia, PA  19115

cc:     Scott Seligman, LUTCF
        Atrium Financial Associates, LLC
        1892 Greentree Road, Suite 1A
        Cherry hill, NJ 08003

1020 31st Street, Downers Grove, Illinois 60515-5591  ▲  Toll Free: 800.348.4512  ▲  Fax: 312.540.4706

Products and services marketed under the Dearborn National® brand and the star logo are underwritten and/or provided by Dearborn National® Life Insurance Company (Downers Grove, IL) in all states (excluding New York), the District of Columbia, the United States Virgin Islands, the British Virgin Islands, Guam and Puerto Rico.

06/17/2016  11:40